UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ALBERT ADAMS, | : | | |
| Plaintiff, | : | Civil Action No.: | 09-2459 (RMU) |
| v. | : | Re Document No.: | 23 |
| DISTRICT OF COLUMBIA, | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION FOR RELIEF UPON RECONSIDERATION

## I. INTRODUCTION

This matter is before the court on the plaintiff's motion for relief upon reconsideration of this court's previous order, granting in part and denying in part the defendant's motion to dismiss. The plaintiff argues that the court erred in dismissing his claim brought pursuant to the District of Columbia Human Rights Act ("DCHRA"), D.C. CODE §§ 2-1401.01 *et seq.*, as well as his claim of disparate treatment brought under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794. Because the claims were properly dismissed for the reasons articulated in the court's previous Memorandum Opinion, the court denies the plaintiff's motion for relief upon reconsideration.

## II. BACKGROUND

### A. Factual Background[1]

The plaintiff, a Technology Specialist for the District of Columbia Department of Mental Health ("the Department"), suffered a stroke in May 2005. 2d Am. Compl. ¶¶ 9-10, 14. After

---
[1] The court more thoroughly articulated the factual background of this case in its prior Memorandum Opinion. *See generally* Mem. Op. (Sept. 28, 2010).

spending two months at a rehabilitation center, the plaintiff requested to work from home. *Id.* ¶¶ 14, 18.

By September 2005, no arrangements had been made to satisfy the plaintiff's request, prompting the plaintiff to initiate the Equal Employment Opportunity ("EEO") complaint process. *Id.* ¶ 25. On February 5, 2006, the Department's EEO manager issued the plaintiff a notice of right to file a discrimination complaint, stating that defendant was "unable to grant the accommodation request." *Id.* ¶¶ 32-33. On February 22, 2006, the plaintiff filed a formal complaint of discrimination with the District of Columbia Office of Human Rights ("DCOHR") and cross-filed it with the Equal Employment Opportunity Commission. *Id.* ¶ 34; Def.'s Mot. to Dismiss, Ex. A.

Although the plaintiff and the Department were engaged in ongoing mediation at this point, the plaintiff elected to move forward with the DCOHR complaint process. 2d Am. Compl. ¶¶ 44-52. On January 1, 2008, the DCOHR issued a letter of determination stating that there was probable cause to believe that the Department failed to provide the plaintiff with a reasonable accommodation for his disability. *Id.* ¶ 53. The DCOHR mediation division continued to facilitate negotiation discussions until August 2008, at which point the mediation division issued a notice regarding the parties' failure to reach an agreement. Pl.'s Opp'n to Mot. to Dismiss at 9-10.

After a hearing before a DCOHR independent examiner, the plaintiff requested that his case be transferred to the Superior Court of the District of Columbia. *Id.* at 10. Noting that the DCOHR does not transfer cases, the DCOHR administratively dismissed the case with prejudice on October 20, 2009. *Id.*, Ex. 3.

2

## B. Procedural History

On November 9, 2009, the plaintiff filed a complaint in the Superior Court of the District of Columbia against the Department. *See* Notice of Removal; Am. Compl. ¶ 8. The plaintiff amended the complaint and the defendants removed the case to this court the following month. *See* Notice of Removal. The plaintiff subsequently amended the complaint for a second time, asserting claims against the District of Columbia instead of the Mayor and Attorney General for the District of Columbia. *See generally* 2d Am. Compl. The plaintiff sought relief for claimed violations of the DCHRA, the Rehabilitation Act, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. *See generally* 2d Am. Compl.

The defendant subsequently filed a motion to dismiss the plaintiff's second amended complaint, *see generally* Def.'s Mot. to Dismiss, which the court granted in part and denied in part, *see generally* Mem. Op. (Sept. 28, 2010). More specifically, the court denied the defendant's motion to dismiss with respect to the plaintiff's ADA claims and his hostile work environment claim under the Rehabilitation Act. Mem. Op. (Sept. 28, 2010) at 1. The court, however, granted the motion to dismiss with respect to the plaintiff's DCHRA claim and his disparate treatment claim under the Rehabilitation Act. *Id.*

In dismissing the plaintiff's DCHRA claim, the court explained that the plaintiff was barred from seeking judicial relief because he failed to withdraw his pending administrative complaint with the DCOHR prior to the determination of probable cause. *Id.* at 24-26. In reaching this conclusion, the court relied upon the District of Columbia Court of Appeals' decision in *Anderson v. U.S. Safe Deposit Co.*, 552 A.2d 859 (D.C. 1989). *See id*. With respect to the plaintiff's Rehabilitation Act claims, the court determined that the plaintiff was not required to exhaust his administrative remedies prior to filing a judicial complaint. *Id.* at 8-14.

The statute of limitations, therefore, did not toll during the administrative process, making the plaintiff's disparate treatment claim under the Rehabilitation Act untimely under the statute of limitations.[2] *Id.* at 8-14.

The plaintiff has now filed a motion for relief upon reconsideration arguing that the court misapplied *Anderson*, and that equity requires that the statute of limitations be tolled for his disparate treatment claim under the Rehabilitation Act. *See generally* Pl.'s Mot. for Recons. ("Pl.'s Mot."). With the plaintiff's motion ripe for review, the court turns to the parties' arguments and the applicable legal standards.

## III. ANALYSIS

### A. Legal Standard for a Motion for Relief Upon Reconsideration of a Final Judgment

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within twenty-eight days of the entry of the judgment at issue. FED. R. CIV. P. 59(e). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38

---

[2] The court determined that the plaintiff's hostile work environment claim under the Rehabilitation Act survived under a theory that the defendant committed a "continuing violation." *See* Mem. Op. (Sept. 28, 2010) at 15-16.

4

(D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier, *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

### B. The Court Denies the Plaintiff's Motion for Relief Upon Reconsideration

#### 1. The Court Declines to Reconsider its Decision Dismissing the Plaintiff's DCHRA Claim

The plaintiff argues that the court misread *Anderson v. U.S. Safe Deposit Co.* in analyzing his DCHRA claim. Pl.'s Mot. at 2. Under a proper reading of *Anderson*, the plaintiff maintains, the court should conclude that his election to file an administrative complaint does not foreclose his right to pursue a judicial remedy. *Id.* The defendant responds that the court's interpretation of *Anderson* was correct. Def.'s Opp'n to Pl.'s Mot. at 7.

As noted in the court's prior ruling, *see* Mem. Op. (Sept. 28, 2010) at 24-25, a plaintiff asserting a DCHRA claim is required to "choose between an administrative or a judicial forum in which to pursue his or her claims," *Carter v. District of Columbia*, 980 A.2d 1217, 1223 (D.C. 2009) (explaining that "[t]he jurisdiction of the court and OHR are mutually exclusive in the first instance" (quoting *Brown v. Capitol Hill Club*, 425 A.2d 1309, 1311 (D.C. 1981))). A plaintiff, however, may commence an action in court, notwithstanding his or her prior filing of a complaint with the DCOHR, if either: (1) the plaintiff withdraws the DCOHR complaint before the DCOHR renders a judgment on it; or (2) the DCOHR dismisses the complaint for "administrative convenience." *Id.* (citing D.C. CODE § 2-1403.16(a)). In order to successfully withdraw a complaint before the DCOHR, and thus preserve the right to bring the same claim in court, a complainant must request withdrawal "prior to completion of the [DCOHR's] investigation and findings." D.C. CODE § 2-1403.04. More specifically, a plaintiff is required to

5

withdraw his request prior to the DCOHR's determination of whether probable cause exists. *See Anderson*, 552 A.2d at 863.

In *Anderson*, the plaintiff filed an administrative complaint with the DCOHR alleging that his employer engaged in discriminatory employment practices. *Id*. at 859. After the DCOHR determined that probable cause existed to support the plaintiff's allegations, the plaintiff withdrew her administrative complaint and filed suit in the Superior Court of the District of Columbia. *Id.* at 860. The defendant subsequently moved to dismiss that action arguing that the plaintiff was barred from bringing a judicial claim because she had chosen to pursue an administrative procedure for relief and had not withdrawn that administrative claim in a timely fashion before commencing her judicial action. *See id.* at 859. Alternatively, the defendant contended that the plaintiff was barred from bringing suit due to the statute of limitations. *Id.*

The Superior Court of the District of Columbia granted the defendant's motion without elaborating on the basis for its decision. *Id.* The District of Columbia Court of Appeals affirmed after determining that both of the arguments presented by the defendant – the plaintiff's failure to adequately withdraw her administrative claim and the untimeliness of the judicial action under statutory limitations – were "valid ground[s] for dismissal." *Id.* The Court of Appeals explained that, "[t]he code and regulations make clear that to preserve the right to bring the same action in court, withdrawal [of an administrative complaint] must occur prior to the [DCOHR's] disposition," which required the plaintiff to withdraw her administrative complaint prior to receiving a notice of a probable cause determination. *Id.* at 860 (quoting *Brown v. Capitol Hill Club*, 425 A.2d 1309, 1312 (1981)).

Here, as in *Anderson*, the plaintiff had already received a probable cause determination at the time he withdrew his administrative complaint. 2d Am. Compl. ¶ 6-7; *see also* Mem. Op.

(Sept. 28, 2010) at 3. Accordingly, the court properly dismissed the plaintiff's DCHRA claim under *Anderson.* Mem. Op. (Sept. 28, 2010) at 24.

The plaintiff further suggests that the court erred in following *Anderson* because it is contrary to other decisions of this court. Pl.'s Mot. at 2. As a threshold matter, all three cases cited by the plaintiff were decided prior to the *Anderson* decision which was issued in 1989. *See Jones v. Mgmt. P'ship, Inc.*, 1983 WL 143571 (D.D.C. July 22, 1983); *Blake v. Am. Coll. of Obstetricians & Gynecologists*, 608 F. Supp. 1239 (D.D.C. 1985); *Weaver v. Gross*, 1986 WL 7553 (D.D.C. Apr. 25, 1986). More importantly, however, "the D.C. Court of Appeals is of course the controlling authority for interpretation of D.C. law." *Companhia Brasileira Carbureto de Calicio v. Applied Indus. Materials Corp.*, 2011 WL 1437632, at *1 (D.C. Cir. Apr. 15, 2011). Indeed, other members of this court have deferred to *Anderson* in adjudicating DCHRA claims. *See Weiss v. Int'l Bhd. of Elec. Workers*, 729 F. Supp. 144, 146 n.2 (D.D.C. 1990) (explaining that the District of Columbia Court of Appeals is the controlling authority as to HRA interpretation). The court, therefore, did not err in considering *Anderson* notwithstanding the pre-*Anderson* holdings by other members of this court. As such, the court denies the plaintiff's motion for relief upon reconsideration with respect to his DCHRA claims.

### 2. The Court Declines to Reconsider its Decision Dismissing the Plaintiff's Disparate Treatment Claim Under the Rehabilitation Act

Next, the plaintiff challenges the court's determination that the plaintiff was not required to exhaust his administrative remedies prior to filing a judicial complaint for his disparate treatment claim under the Rehabilitation Act. Pl.'s Mot. at 3; Mem. Op. (Sept. 28, 2010) at 8. Because no exhaustion was required, the court also held that the statute of limitations did not toll during the administrative process and the plaintiff's disparate treatment claim under the

7

Rehabilitation Act was time-barred. Mem. Op. (Sept. 28, 2010) at 13-14. The plaintiff urges the court to reconsider its holding, arguing that he reasonably believed that he was required to exhaust his administrative remedies in light of the split among courts in this jurisdiction regarding the exhaustion requirements for Rehabilitation Act claims. Pl.'s Mot. at 3. Thus, the plaintiff argues, he should not be "retroactively punished," and the court should determine that his Rehabilitation Act claim was timely filed within the statute of limitations. *Id.* The defendant responds that this court properly determined the plaintiff was not required to exhaust his administrative remedies, and thus, the statute of limitations was not tolled. Def.'s Opp'n at 9.

As described above, *see supra* Part.III.A, a Rule 59(e) motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky*, 355 F.3d at 671 (quoting *Firestone*, 76 F.3d at 1208). Although manifest injustice is frequently considered a vague standard, *see Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005), a lack of clarity in the law does not amount to manifest injustice, *Qwest Serv.'s Corp. v. Fed. Commc'n Comm'n.*, 509 F.3d 531, 540 (D.C. Cir. 2007) (holding the petitioner's reliance on a law that was neither settled nor well-established did not amount to manifest injustice).

The plaintiff does not argue in his motion that there has been any intervening change of controlling law or that new evidence has become available. *See generally* Pl.'s Mot. Rather, the plaintiff contends that he relied upon the contrary holding by courts within this jurisdiction that have determined exhaustion to be necessary and therefore exhausted his administrative remedies accordingly. *Id.* at 3. In deciding to grant the defendant's motion to dismiss with regards to the plaintiff's Rehabilitation Act claim, this court carefully reviewed all of the relevant case law,

including the authority cited by the plaintiff in his motion for relief upon reconsideration. Mem. Op. (Sept. 28, 2010) at 9-10. Although it is an unsettled question of law as to whether a plaintiff must exhaust his administrative remedies prior to initiating a judicial action, *compare Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 2d 71, 75 (D.D.C. 2009) *with Stewart v. District of Columbia*, 2006 WL 626921, at *9-11 (D.D.C. Mar. 12, 2006), the court considered both approaches and ultimately concluded that no exhaustion was necessary, Mem. Op. (Sept. 28, 2010) at 9-12. Because reliance on an unsettled area of law does not amount to manifest injustice, *see Qwest Serv.'s Corp.*, 509 F.3d at 540, the court denies the plaintiff's motion for relief upon reconsideration with respect to his disparate treatment claim brought under the Rehabilitation Act.[3]

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for relief upon reconsideration. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 27th day of June, 2011.

                                          RICARDO M. URBINA
                                         United States District Judge

---

[3] To the extent the plaintiff is arguing that the court committed a clear legal error, the court is not persuaded. This court's lengthy discussion regarding the exhaustion requirement, demonstrates that the law itself is not clear. *See* Mem. Op. (Sept. 28, 2010) at 8-12.